**In re Carl Edward BURPO, Jr. & Susan May Burpo, Debtors.**

**Bankruptcy No. 92–20899–2.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 5, 1993.

John Reed, Jefferson City, MO, for debtors.

Thomas M. Schneider, Columbia, MO, for Fulton Sav. & Loan.

Jack E. Brown, trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors filed their petition for relief under Chapter 7 on October 8, 1992. The schedules indicated the likelihood that there would be no distribution and creditors were so advised. Included in the assets were 13 separate pieces of real estate valued at $1,290,000.00 by the debtor. Also according to the debtor, there were $1,054,228.00 in secured claims against the property. Nine of the properties were rental properties near the campus of Missouri University. The trustee, a retired executive from a local savings and loan and an individual with extensive real estate experience in the Columbia, Missouri area, conducted the 11 U.S.C. § 341 meeting of creditors and announced his intention of abandoning all 13 pieces of the real estate.

Debtors filed their objection to such abandonment and hearing was duly had on the issue. The Trustee (as well as the secured creditor) believe that debtors have overestimated the value of the real estate and underestimated the mortgages and taxes which are liens against said real estate. The crux of this controversy is the potential tax consequences to the debtors if the Trustee abandons the property and foreclosure occurs. Debtors have owned some of the properties for a considerable time and have depreciated the structures substantially. If the Trustee abandons these properties and the Fulton Savings & Loan forecloses, the debtors may suffer a substantial tax consequence due to the elimination of the liability in excess of debtors' basis in the property.

Debtors seek to have the Trustee sell the properties, trusting that any recognized gain would then be the tax problem of the bankruptcy estate. *In re Bentley*, 916 F.2d 431 (8th Cir.1990). The Trustee, because he believes that the properties (after inspection) would bring less than the costs of sale and the undisputed balances due to the lienholder, feels that two sections of the Bankruptcy Reform Act of 1978 dictate that abandonment is correct. The first section is 11 U.S.C. § 554(a). That section provides that a trustee may abandon any property of the estate that is either burdensome to the estate *or* that is of inconsequential value and benefit to the estate. Because the Trustee believes that a sale of the properties would not realize sufficient funds to pay the mortgage liens, the real estate taxes, and the sales expenses, he asserts that abandonment is the best procedure for the estate.

The second string to the Trustee's bow is 11 U.S.C. § 363(c) and (f). The Trustee contends that the first mortgage holder will consent under § 363(c) neither to the use, sale or lease of the realty because it has applied for, and received, lift of stay to foreclose its interests. Further, the Trustee contends that under § 363(f) he cannot sell the property for a greater amount than the aggregate value of all liens. The Trustee's contentions are well taken. While debtors and the appraiser they hired suggest that there is equity, the values assigned by their appraiser depend upon the expenditure of "fix up funds" before

**920**

sale. Said funds are not available to the Trustee.

The Court is sympathetic to the potential plight of debtors, vis-a-vis the possible recognizable tax gain. Likewise, the Court has read (with interest and respect) the opinion of the Honorable James Queenan in *In re A.J. Lane & Co., Inc.,* 133 B.R. 264 (Bkrtcy.D.Mass.1991). However, it appears that the Eighth Circuit has not treated the issues similarly. See *In re Olson,* 930 F.2d 6 (8th Cir.1991) and *In re Bentley,* 916 F.2d 431 (8th Cir.1990).

Finally, the question arises as to the consequences to the Trustee if he sells the property, realizes less than the amount needed to pay the liens and has to recognize a substantial capital gain. Does he generate a liability that flows through the estate to the Trustee for the tax liability that he may have lifted from the debtors? If so, the tenure of Trustees will be greatly diminished, even if the I.R.S. loses the argument, but there are no funds in the estate to pay for the fight.

This Court recognizes that the thrust of the Bankruptcy Reform Act of 1978 is to afford honest debtors a fresh start. Unfortunately, that is not always possible. In this case, the Court regrets that debtors fall within that unfortunate group that Congress has declared cannot be absolved of all economic sins and truly be born again.

The debtors' objections to the Trustee's abandonment of the real estate are OVERRULED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.